Viktor PALCHIKOVSKIY,
Plaintiff–Appellant,

v.

OREGON HEALTH SCIENCES UNIVERSITY, a Public Corporation; et al., Defendants–Appellees.

No. 00–35724.

D.C. No. CV–97–01784–FR.

United States Court of Appeals, Ninth Circuit.

Submitted July 9, 2001.*

Decided July 20, 2001.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2). Accordingly, Palchikovskiy's request for oral argument is denied.

Before KOZINSKI, T.G. NELSON, and TALLMAN, Circuit Judges.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

MEMORANDUM **

Victor Palchikovskiy appeals pro se the district court's dismissal of his qui tam action filed under the False Claims Act, 31 U.S.C. § 3729 ("FCA"), and the summary judgment for defendants on his claims of retaliatory termination in violation of the FCA and state law, defamation and interference with economic relationship. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo dismissals pursuant to Fed.R.Civ.P. 9(b) and 12(b)(6), *see United States ex rel. Lee v. Smith-Kline Beecham, Inc.*, 245 F.3d 1048, 1051 (9th Cir.2001), and the grant of summary judgment, *United States ex rel. Hochman v. Nackman*, 145 F.3d 1069, 1072 (9th Cir. 1998). We affirm.

Because Palchikovskiy failed either to allege that Oregon Health Sciences University ("OHSU") engaged in fraud, or to provide statements regarding the time, place, and nature of alleged fraudulent activities in other FCA claims, the district court properly dismissed Palchikovskiy's FCA claims. *See United States ex rel. Hopper v. Anton*, 91 F.3d 1261, 1266 (9th Cir.1996); *United States ex rel. Lee*, 245 F.3d at 1051–52 (holding that FCA complaints must comply with Rule 9(b) requirements mandating that allegations of fraud be pleaded with particularity).

The district court properly granted summary judgment on Palchikovskiy's claim that he was terminated in violation of the FCA because he failed to present any evidence that he was investigating matters calculated to lead to a viable FCA action. *See United States ex rel. Hopper*, 91 F.3d at 1269.

The district court properly granted summary judgment on Palchikovskiy's

**900**

claim that he was terminated in violation of state law because OHSU is exempt from Oregon's whistle blower statute. *See* Or. Rev.Stat. § 353.020 (stating that Oregon Health Sciences University shall not be considered a unit of local or municipal government or a state agency for purposes of state statutes or constitutional provisions).

▪ Summary judgment on Palchikovskiy's defamation claim was proper because he failed to present any evidence that the allegedly defamatory communication to his supervisor was made as a result of malice or improper motive. *See Wattenburg v. United Med. Labs.*, 269 Or. 377, 525 P.2d 113, 114 (1974) (holding that a statement is conditionally privileged if made to protect the interests of the defendants or the plaintiff's employer, unless the communication was made maliciously).

▪ Because Palchikovskiy failed to present any evidence that his co-workers contacted his employer, whether OHSU or his temporary employment agency, through improper means or for an improper purpose, the district court properly granted summary judgment on his claim of intentional interference with economic relations. *See Fox v. Country Mutual Ins. Co.*, 169 Or.App. 54, 7 P.3d 677, 687 (2000).

Palchikovskiy's remaining claims have been considered and rejected.

AFFIRMED.