Eugeny **WERBICKI** and Tracy Werbicki, Plaintiffs–Appellants,

v.

**COUNTY OF LOS ANGELES,** Erroneously Sued as Los Angeles County Board of Supervisors; Los Angeles Sheriff's Department, esa Los Angeles County Sheriff's Department; Lee Baca, Sheriff; Leonard Cifelli, Defendants–Appellees.

No. 00–56801.

D.C. No. CV 99–10612–RSWL.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 7, 2002.

Decided March 1, 2002.

Before PREGERSON, RYMER, and T.G. NELSON, Circuit Judges.

MEMORANDUM [1]

Eugeny and Tracy Werbicki ("the Werbickis") appeal the district court's grant of summary judgment in favor of the County of Los Angeles, the Los Angeles Sheriff's Department and Deputy Leonard Cifelli on the Werbickis' complaint under 42 U.S.C. § 1983, alleging violations of their Fourth Amendment rights. The Werbickis also appeal the district court's determination that Deputy Cifelli was entitled to qualified immunity, the district court's grant of summary judgment on their state law claims, and the district court's denial of their motion for leave to amend their complaint to add as defendants Deputies Love and Short.

■ Los Angeles County and the Los Angeles Sheriff's Department can only be sued directly under § 1983 for monetary, declaratory, or injunctive relief if the unconstitutional action at issue resulted from a governmental custom or policy. *See Monell v. Department of Social Services of City of New York,* 436 U.S. 658, 690, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). Here, the undisputed facts are insufficient to establish an issue of material fact that there was a custom or practice by the Los Angeles Sheriff's Department or Los Angeles County to rely on insufficient information in serving arrest warrants. We affirm the district court's grant of summary judgment in favor of the Los Angeles Sheriff's Department and Los Angeles County on the Werbickis' § 1983 action.

■ When Deputy Cifelli, who was in charge of warrant detail, arrived at the Werbickis' home on November 21, 1998 to execute a bench warrant issued April 25, 1997 for Fernando Cervantes, the only information he had that Cervantes might be there came from DMV records in the CCHRS data base that he knew, or should have known, were current as of January 23, 1997. While the parties agree that the Werbickis' constitutional rights were not

1. This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

implicated up to this point, Cifelli ordered Deputies Short and Love to enter the Werbickis' home. We cannot say that it was reasonable as a matter of law for Cifelli to believe that Cervantes was in the house. Entry would violate the Werbickis' Fourth Amendment rights if done without consent, or without a reasonable belief that Cervantes resided at the house and was actually present at the time of entry. *Watts v. County of Sacramento,* 256 F.3d 886, 889–90 (9th Cir.2001). All he knew was that this was Cervantes's address 22 months earlier. However, there are triable issues of fact about whether any of the residents consented to entry before it was accomplished (although for summary judgment purposes we must assume that none was given). There also are triable issues about what the officers observed before they actually entered the house.

By the same token, we cannot hold that Cifelli is entitled to qualified immunity. An officer is not entitled to qualified immunity if his conduct violated the Werbickis' constitutional rights and those rights were clearly established such that a reasonable officer would have considered entry unlawful under the circumstances. *Saucier v. Katz,* 533 U.S. 194, 121 S.Ct. 2151, 2156–57, 150 L.Ed.2d 272 (2001). An objectively reasonable officer would have known that he could not enter the house pursuant to an arrest warrant (or order other officers to enter) without consent, or a reasonable belief that Cervantes resided there and was actually present. This law was well established at the time. *See, e.g., Payton v. New York,* 445 U.S. 573, 100 S.Ct. 1371, 63 L.Ed.2d 639 (1980); *Steagald v. United States,* 451 U.S. 204, 101 S.Ct. 1642, 68 L.Ed.2d 38 (1981). While it was not reasonable to enter the house based only on information that DMV records showed that it was Cervantes's address 22 months earlier, there are triable issues about consent and what occurred after the deputies

knocked on the door that might affect the reasonableness of believing that this conduct was lawful. *Act Up!/Portland v. Bagley,* 988 F.2d 868, 871 (9th Cir.1993). Accordingly, we remand for trial on these issues.

Cifelli is entitled to statutory immunity under California Government Code § 821.6 on the Werbickis' state law claims. *See Martinez v. City of Los Angeles,* 141 F.3d 1373, 1381 (9th Cir.1998) (noting that § 821.6 protects Los Angeles Police Department officers "from liability for a negligent investigation which leads to an arrest"). *Bell v. California,* 63 Cal.App.4th 919, 74 Cal.Rptr.2d 541, 547 (1998), does not compel a different result because Cifelli was executing a bench warrant issued as part of a judicial proceeding.

■ We review a district court's denial of a motion to amend a complaint for an abuse of discretion. *See United States v. SmithKline Beecham, Inc.,* 245 F.3d 1048, 1051 (9th Cir.2001). When such a motion is made on the eve of trial, we cannot say that the district court abused its discretion by denying the Werbickis' motion to amend their complaint to add as defendants Deputies Love and Short.

REVERSED in part, AFFIRMED in part, and REMANDED. Each party shall bear its own costs.