**Cheryl STANSBERRY; Teresa Stansberry, Plaintiffs–Appellants,**

v.

**COUNTY OF VENTURA; Alvarez, Deputy; Saleh, Deputy, Defendants–Appellees.**

No. 05–55711.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 4, 2007.

Filed July 13, 2007.

Richard Hamlish, Esq., Westlake Village, CA, for Plaintiffs–Appellants.

---

* The Honorable Jane R. Roth, Senior United States Circuit Judge for the Third Circuit, sitting by designation.

Alan E. Wisotsky, Esq., Law Offices of Alan E. Wisotsky, Oxnard, CA, for Defendants–Appellees.

Before: TROTT, RAWLINSON, and ROTH *, Circuit Judges.

MEMORANDUM **

On appeal, Teresa Stansberry and her mother Cheryl Stansberry (collectively, "Stansberrys") argue, *inter alia,* that the district court erred when it (1) granted judgment as a matter of law in favor of the defendants, (2) denied Stansberrys' motion for leave to amend their complaint; (3) refused to admit an Internal Affairs report about the incident generating this lawsuit; (4) permitted the defendants' expert witness to testify; and (5) failed to provide a pretrial order. We disagree.

1. Balancing the nature and quality of the alleged intrusion on Stansberrys' Fourth Amendment interests against the countervailing governmental interests at stake, no rational trier of fact could have determined that the officers' use of force—both during and after the altercation—was unreasonable. *See Jackson v. City of Bremerton,* 268 F.3d 646, 652–53 (9th Cir. 2001). Stansberrys' evidence adduced to demonstrate a constitutional violation was woefully inadequate to support any verdict in their favor. Thus, neither the officers, nor the County of Ventura, can be held liable under 42 U.S.C. § 1983. *See id.* at 653–654.

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

2. The district court did not abuse its discretion when it denied Stansberrys' motion to amend the complaint. *See* Fed. R.Civ.P. 15(a). The record reveals without ambiguity that an amendment in this case would have been futile. *See Klamath–Lake Pharm. Ass'n v. Klamath Medical Serv. Bureau*, 701 F.2d 1276, 1292 (9th Cir.1983) ("[F]utile amendments should not be permitted."); *U.S. ex rel. Lee v. SmithKline Beecham Inc.*, 245 F.3d 1048, 1052 (9th Cir.2001) ("Futility of an amendment can, by itself, justify the denial of a motion for leave to amend.").

3. Because Stansberrys failed without a valid excuse to place the Internal Affairs report in the record, this court cannot determine whether the district court abused its discretion when it refused to admit the report. *See United States v. Elias*, 921 F.2d 870, 874 (9th Cir.1990) (explaining that appellate courts only review issues and documents included in the district court record). Even if the report were in the record, and even if the district court did err in excluding it, Stansberrys have failed to show that the error was not harmless. To the extent Stansberrys argue that other police reports were improperly excluded, the same argument applies.

4. Given the record before us, we cannot conclude that the court plainly erred by allowing Curtis Cope to testify as an expert witness. *See United States v. Hankey*, 203 F.3d 1160, 1168 (9th Cir.2000) (stating that trial courts must be given "broad discretion to decide *whether* to admit expert testimony"). Likewise, we cannot find that Cope improperly testified beyond the scope of the Fed.R.Civ.P. 26(a)(2) report. First, the Rule 26 report (which counsel wrongfully claimed was never exchanged) is not in the district court record; rather, it was submitted to this court by counsel in Stansberrys' supplemental excerpts of record. On this basis alone, we reject Stansberrys' argument. *Elias*, 921 F.2d at 874. Second, it is clear from our examination of the report that Cope did not improperly testify beyond its scope.

5. Although the court may have erred when it failed to provide a pretrial order, *see* Fed.R.Civ.P. 16(e), the court did not commit plain error. The record before us shows that the court sufficiently notified Stansberrys of all pertinent issues and defenses before trial. Moreover, Stansberrys did not object on this ground to the district court.

Each of Stansberrys' remaining arguments are without merit.

**AFFIRMED.**