**Wayne Douglas SMITH, Plaintiff—Appellant,**

**v.**

**BRITISH PETROLEUM OF AMERICA; et al., Defendants—Appellees.**

No. 07–16585.

United States Court of Appeals, Ninth Circuit.

Submitted April 13, 2009.*

Filed April 29, 2009.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Wayne Douglas Smith, Grass Valley, CA, pro se.

Stephen M. Caine, Esquire, Rita Gunsekaran, Esquire, Haight, Brown & Bonesteel, LLP, Los Angeles, CA, Jerry L. Chong, Esquire, Law Office of Jerry L. Chong & Alice W. Wong, Jennifer E. Duggan, Esquire, Porter Scott Weiberg & Delehant, Sacramento, CA, for Defendants–Appellees.

Before: GRABER, GOULD, and BEA, Circuit Judges.

### MEMORANDUM **

Wayne Douglas Smith appeals pro se from the district court's judgment dismissing his action alleging injuries arising from a slip and fall accident. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Rhoades v. Avon Prods., Inc.,* 504 F.3d 1151, 1156 (9th Cir.2007) (failure to state a claim); *Thinket Ink Info. Res., Inc. v. Sun Microsystems, Inc.,* 368 F.3d 1053, 1061 (9th Cir.2004) (dismissal without leave to amend). We affirm.

■ The district court properly dismissed the claims under 42 U.S.C. § 1983 because defendants, who are all private entities or persons, did not act under color of state law. *See Price v. Hawaii,* 939 F.2d 702, 707–08 (9th Cir.1991) (explaining that "private parties are not generally acting under color of state law" and that conclusory allegations that there was action under color of state law, unsupported by facts, will be rejected as insufficient to state a claim under the Civil Rights Act).

■ The district court properly dismissed the RICO claim because Smith failed to show a pattern of racketeering activity based on one alleged incident of attempted bribery by one defendant. *See* 18 U.S.C. §§ 1961–1968; *Clark v. Time Warner Cable,* 523 F.3d 1110, 1116 (9th Cir.2008) ("To state a RICO claim, one must allege a 'pattern' of racketeering activity, which requires at least two predicate acts.") (citations omitted). Moreover, personal injuries are not generally compensable under the RICO statutes. *See Diaz v. Gates,* 420 F.3d 897, 900–02 (9th Cir.2005) (en banc) (per curiam).

■ The district court properly denied leave to amend because amendment would be futile. *See United States ex rel. Lee v. SmithKline Beecham, Inc.,* 245 F.3d 1048, 1052 (9th Cir.2001) (explaining that futility of amendment can, by itself, justify the denial of leave to amend). Moreover, contrary to Smith's contention, he waived his right to amend once as a matter of course because he failed to file an amended complaint prior to entry of final judgment. *See Rick–Mik Enters. Inc. v. Equilon Enters., LLC,* 532 F.3d 963, 976–77 (9th Cir. 2008) (declining to remand to allow plaintiff to amend the complaint due to plaintiff's waiver of that right).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Smith's remaining contentions are un-persuasive.

The Clerk is directed to file Smith's "Corrections/Addendums," received on September 22, 2008.

**AFFIRMED.**