MEMORANDUM **
Wayne Douglas Smith appeals pro se from the district court’s judgment dismissing his action alleging injuries arising from a slip and fall accident. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. Rhoades v. Avon Prods., Inc., 504 F.3d 1151, 1156 (9th Cir.2007) (failure to state a claim); Thinket Ink Info. Res., Inc. v. Sun Microsystems, Inc., 368 F.3d 1053, 1061 (9th Cir.2004) (dismissal without leave to amend). We affirm.
The district court properly dismissed the claims under 42 U.S.C. § 1983 because defendants, who are all private entities or persons, did not act under color of state law. See Price v. Hawaii, 939 F.2d 702, 707-08 (9th Cir.1991) (explaining that “private parties are not generally acting under color of state law” and that conclusory allegations that there was action under color of state law, unsupported by facts, will be rejected as insufficient to state a claim under the Civil Rights Act).
The district court properly dismissed the RICO claim because Smith failed to show a pattern of racketeering activity based on one alleged incident of attempted bribery by one defendant. See 18 U.S.C. §§ 1961-1968; Clark v. Time Warner Cable, 523 F.3d 1110, 1116 (9th Cir.2008) (“To state a RICO claim, one must allege a ‘pattern’ of racketeering activity, which requires at least two predicate acts.”) (citations omitted). Moreover, personal injuries are not generally com-pensable under the RICO statutes. See Diaz v. Gates, 420 F.3d 897, 900-02 (9th Cir.2005) (en banc) (per curiam).
The district court properly denied leave to amend because amendment would be futile. See United States ex rel. Lee v. SmithKline Beecham, Inc., 245 F.3d 1048, 1052 (9th Cir.2001) (explaining that futility of amendment can, by itself, justify the denial of leave to amend). Moreover, contrary to Smith’s contention, he waived his right to amend once as a matter of course because he failed to file an amended complaint prior to entry of final judgment. See Rick-Mik Enters. Inc. v. Equilon Enters., LLC, 532 F.3d 963, 976-77 (9th Cir.2008) (declining to remand to allow plaintiff to amend the complaint due to plaintiffs waiver of that right).
*692 Smith’s remaining contentions are unpersuasive.
The Clerk is directed to file Smith’s “Corrections/Addendums,” received on September 22, 2008.
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.