FILED

MAR 12 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

GLENN MARR,

        Plaintiff - Appellant,

  v.

PETER ANDERSON; et al.,

        Defendants - Appellees.

No. 09-15614

D.C. No. 3:06-cv-00354-LRH-RAM

MEMORANDUM [*]

Appeal from the United States District Court
for the District of Nevada
Larry R. Hicks, District Judge, Presiding

Submitted March 10, 2010 [**]
San Francisco, California

Before: HALL, NOONAN and THOMAS, Circuit Judges.

Glenn Marr appeals from the district court's grant of summary judgment.

We affirm. Because the parties are familiar with the facts and procedural history,

we will not recount it here.

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

I

Marr fails to make any arguments in the opening brief specifically challenging the district court's grant of summary judgment with regard to defendants Biaggi, Dondero, Ashworth, Mendenhall, and Wulfkuhle. "Issues raised in a brief that are not supported by argument are deemed abandoned." *Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988). Therefore, we affirm the district court's grant of summary judgment as to these defendants.

II

The district court did not err in granting summary judgment on Marr's claims against defendants Anderson and Cannizzaro. To establish his retaliation claims, Marr must show: (1) he engaged in expressive conduct that addressed a matter of public concern; (2) defendants, as government officials, took an adverse action against him; and (3) plaintiff's expressive conduct was a substantial or motivating factor for the adverse action. *Alpha Energy Savers, Inc. v. Hansen*, 381 F.3d 917, 923 (9th Cir. 2004). Finally, even if Marr proves all three elements of *Alpha Energy Savers*, defendants can escape liability under *Mt. Healthy City School Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274 (1977), by showing they would have taken the same action in the absence of plaintiff's expressive conduct. *Id.* at 287.

2

The district court correctly concluded that Marr had not tendered sufficient evidence to create a genuine issue of material fact as to whether his speech was a substantial or motivating factor in Anderson's decision to place Marr on administrative leave and subsequently to terminate him. The undisputed evidence was that Marr acted aggressively toward a federal inspector and his actions were unprovoked. In response to this incident, Anderson launched an investigation, which revealed both that Marr's record-keeping regarding his flight hours for the preceding twelve months was inaccurate, and that his time sheets for a training in Orlando, Florida were false. The only evidence Marr offers in support of his theory of retaliation is proximity in time, which is insufficient by itself to defeat summary judgment, *Coszalter v. City of Salem*, 320 F.3d 968, 977 (9th Cir. 2003), and a conversation between third parties to which Anderson was not a party.

The district court also properly concluded that Marr had failed to present sufficient evidence to create a genuine issue of material fact as to whether his protected speech was a substantial or motivating factor in Cannizzaro's role in and undertaking of the investigation of plaintiff. The undisputed record indicates that Cannizzaro initiated his investigation due to inquiries made by federal inspectors, not Marr's speech.

III

The district court did not abuse its discretion in declining to allow Marr to file a third amended complaint. *United States v. SmithKline Beecham, Inc.*, 245 F.3d 1048, 1051 (9th Cir. 2001) (reciting standard of review).

**AFFIRMED.**