**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MICHAEL RAY PERRY, United States of America ex rel., <br><br> Plaintiff - Appellant, <br><br> v. <br><br> HOOKER CREEK ASPHALT AND PAVING, LLC; OREGON MAINLINE PAVING, LLC; J.C. COMPTON CONTRACTOR, INC.; KNIFE RIVER CORPORATION - NORTHWEST; CENTRAL OREGON REDI-MIX, LLC; HAP TAYLOR & SONS, INC.; WILDISH STANDARD PAVING CO.; HAMILTON CONSTRUCTION CO., <br><br> Defendants - Appellees. | No. 12-35278 <br><br> D.C. No. 6:08-cv-06307 HO District of Oregon, Eugene <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Oregon
Michael R. Hogan, District Judge, Presiding

Argued and Submitted October 7, 2013
Portland, Oregon

Before: SILVERMAN, W. FLETCHER, and CALLAHAN, Circuit Judges.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Relator Michael Perry appeals from the district court's order dismissing relator's second amended complaint with prejudice. The district court ruled that Perry's claims failed to satisfy the pleading requirements of Federal Rules of Civil Procedure 8(a) and 9(b). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Relator generally alleges that defendants violated the False Claims Act, 31 U.S.C. § 3729, because, among other things, they knowingly and intentionally submitted bills to Oregon for work and materials that did not meet state quality assurance standards, causing Oregon to submit false claims to the federal government for reimbursement of federal highway apportionment funds. Relator's complaint, however, fails to allege with sufficient particularity the "who, what, when, where and how" of any alleged incident of fraud. *See*, *e.g., United States ex rel. Cafasso v. General Dynamics C4 Systems, Inc.*, 637 F.3d 1047, 1054-55 (9th Cir. 2011) (False Claims Act complaint must satisfy Federal Rules of Civil Procedure 8(a) and 9(b)); *Ebeid ex rel. United States v. Lungwitz*, 616 F.3d 993, 998 (9th Cir.) (False Claims Act complaint must satisfy the heightened plausibility standard of *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)), *cert. denied*, 131 S. Ct. 801 (2010). Because we find that the relator has failed to meet the burden of 9(b), we do not need to address if his factual allegations are plausible under 8(a).

Additionally, the district court did not abuse its discretion in dismissing relator's complaint with prejudice. The district court had previously granted relator leave to amend after specifying the deficiencies of the first amended complaint and identifying what relator would have to include in any amendment. In light of relator's failure to cure and his concession that he lacked the information to do so, any further amendments would have been futile. *See*, *e.g.*, *United States ex rel. Lee v. Corinthian Colleges*, 655 F.3d 984, 995 (9th Cir. 2011), (citing *Krainski v. Nevada ex rel. Bd. of Regents of Nevada System of Higher Education*, 616 F.3d 963, 972 (9th Cir. 2010)), *cert. denied*, 131 S. Ct. 1678 (2011).

**AFFIRMED.**

*Perry v. Hooker Creek Asphalt*, No. 12-35278

W. FLETCHER, Circuit Judge, concurring in the result.

I concur in the majority's disposition, but not with its conclusion that Relator "fails to allege with sufficient particularity the 'who, what, when, where and how' of *any* alleged incident of fraud."

In his second amended complaint, Relator provides several specific examples of incidents that, standing alone, are sufficiently detailed to satisfy the requirements of Rules 8(a) and 9(b). However, while these specific instances would state plausible claims under the False Claims Act if brought individually, Relator offers them only as "representative examples" in support of his allegations of a broader scheme of fraud, a scheme he alleges spans more than 200 contracts.

Depending on the nature of the case, Rule 9(b) does not require Relator to allege in detail all of the facts supporting each and every instance of a false claim. *United States ex rel. Lee v. SmithKline Beecham, Inc.*, 245 F.3d 1048, 1051 (9th Cir. 2001). Pleading by means of representative examples may, in some circumstances, satisfy Rule 9(b)'s particularity requirement. *Ebeid*, 616 F.3d at 998. But Relator does not allege the type of "cookie-cutter" scheme that is amenable to pleading by representative example. To the contrary, the representative examples provided in his second amended complaint describe a

wide variety of alleged violations.  Because these examples do not succeed in

alleging with particularity the details of an overall scheme of fraudulent claims, the

district court did not err in dismissing Relator's complaint.