W. FLETCHER, Circuit Judge,
concurring in the result.
I concur in the majority’s disposition, but not with its conclusion that Relator “fails to allege with sufficient particularity the “who, what, when, where and how’ of any alleged incident of fraud.”
In his second amended complaint, Relator provides several specific examples of incidents that, standing alone, are sufficiently detailed to satisfy the requirements of Rules 8(a) and 9(b). However, while these specific instances would state plausible claims under the False Claims Act if brought individually, Relator offers them only as “representative examples” in support of his allegations of a broader scheme of fraud, a scheme he alleges spans more than 200 contracts.
Depending on the nature of the case, Rule 9(b) does not require Relator to allege in detail all of the facts supporting each and every instance of a false claim. United States ex rel. Lee v. SmithKline Beecham, Inc., 245 F.3d 1048, 1051 (9th Cir.2001). Pleading by means of representative examples may, in some circumstances, satisfy Rule 9(b)’s particularity requirement. Ebeid, 616 F.3d at 998. But Relator does not allege the type of “cookie-cutter” scheme that is amenable to pleading by representative example. To the *706 contrary, the representative examples provided in his second amended complaint describe a wide variety of alleged violations. Because these examples do not succeed in alleging with particularity the details of an overall scheme of fraudulent claims, the district court did not err in dismissing Relator’s complaint.