**NOT FOR PUBLICATION**

FILED

AUG 09 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA and STATE OF CALIFORNIA ex rel. SCOTT H.M. DRISCOLL, M.D., <br><br> Plaintiffs, <br><br> and <br><br> SCOTT H.M. DRISCOLL, M.D., individually and personally, <br><br> Plaintiff-Appellant, <br><br> v. <br><br> TODD SPENCER M.D. MEDICAL GROUP, INC.; TODD SPENCER, M.D.; MADERA COMMUNITY HOSPITAL, <br><br> Defendants-Appellees. | No. 13-17624 <br><br> D.C. No. 1:11-cv-01776-LJO-SMS <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Eastern District of California
Lawrence J. O'Neill, Chief Judge, Presiding

Submitted July 20, 2016[**]
San Francisco, California

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes that this case is suitable for decision without oral argument. Fed. R. App. P. 34(a)(2).

Before: GRABER and TALLMAN, Circuit Judges, and RAKOFF,*** District Judge.

Relator Scott H.M. Driscoll, M.D., appeals an order dismissing his first amended complaint pursuant to Federal Rule of Civil Procedure 9(b) and the denial of his motion to amend his complaint. We review de novo the dismissal of Relator's complaint under Rule 9(b) and for abuse of discretion the denial of Relator's motion to amend. Bly-Magee v. California, 236 F.3d 1014, 1017 (9th Cir. 2001).

In an action alleging fraud, a plaintiff must meet a heightened pleading standard. "In alleging fraud or mistake, Rule 9(b) requires a party to state with particularity the circumstances constituting fraud or mistake, including the who, what, when, where, and how of the misconduct charged." Ebeid ex rel. United States v. Lungwitz, 616 F.3d 993, 998 (9th Cir. 2010) (internal quotation marks and brackets omitted). But that bar is not insurmountable. The plaintiff need only "provide enough detail to give [the defendant] notice of the particular misconduct which is alleged to constitute the fraud charged so that [he] can defend against the

***The Honorable Jed S. Rakoff, United States District Judge for the Southern District of New York, sitting by designation.

2

charge and not just deny that [he has] done anything wrong." Id. at 999 (internal quotation marks omitted).

Here, the operative complaint alleges that Defendants, Todd Spencer M.D. Medical Group, Inc., and its principal Todd Spencer, M.D., engaged in Medicare fraud. Among other allegations, the complaint states that Defendants conducted unnecessary CT-scans of the abdomen and pelvis, unnecessary CT angiography on tissues of the neck, and unnecessarily expensive CT scans, and that they "unbundled" procedures in order to increase billings artificially.

The complaint provides several detailed, representative examples of this alleged misconduct. For example, it alleges that, on December 14, 2007, Relator personally observed unnecessary CT exams of the abdomen and pelvis on prisoners from two prisons and that those exams were performed without intravenous contrast, thus providing no medical value. As another example, the complaint also states that, in December 2009, Relator was instructed to "unbundle" a procedure before billing, that is, to break one single medical study into five component parts to create a "fiction"; such unbundling allegedly occurred in 10% of Defendants' cases.

Those allegations, among others, are sufficiently specific that Defendants can answer the complaint and defend against the charges. In Ebeid, the relator was

3

"not an insider" who had knowledge of the allegedly improper practices, so his claim depended on speculation. 616 F.3d at 995. By contrast, here, Relator has personal knowledge of Defendants' practices because Relator was part of Defendants' operation.

By holding that the district court erred in dismissing the <u>entire</u> operative complaint, we do not mean to suggest that the entire complaint is sufficiently specific. For example, the present complaint alleges generally that tests numbering in the thousands were fraudulent, covering a period much longer than the three years during which Relator worked with Dr. Spencer. Accordingly, we remand with instructions to allow Relator another opportunity to amend the complaint to address these deficiencies and to narrow the scope of the complaint so that the litigation will be manageable. <u>See</u> <u>United States ex rel. Lee v. SmithKline Beecham, Inc.</u>, 245 F.3d 1048, 1051–54 (9th Cir. 2001) (holding that the district court should not have dismissed a False Claims Act complaint with prejudice, even though it was not specific enough under Rule 9(b), because amendment would not be futile).

REVERSED and REMANDED for further proceedings.