NOT FOR PUBLICATION

FILED

DEC 08 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MYKAL S. RYAN, | No. 14-55639 |
| Plaintiff-Appellant, | D.C. No. 3:13-cv-00090-JAH-KSC |
| v. | |
| TIMOTHY M. HYDEN, a California resident and as Trustee of the John and Christy Ryan Family Trust; et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Southern District of California
John A. Houston, District Judge, Presiding

Submitted December 5, 2017**

Before: GOODWIN, LEAVY, and SILVERMAN, Circuit Judges.

Mykal S. Ryan appeals pro se the district court's judgment dismissing for

lack of subject matter jurisdiction Ryan's action alleging federal and state-law

claims arising from earlier legal actions against him in connection with his role as

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

trustee of the John and Christy Ryan Family Trust. We have jurisdiction under 28 U.S.C. § 1291. We review de novo, *Atwood v. Fort Peck Tribal Court Assiniboine*, 513 F.3d 943, 946 (9th Cir. 2008), and may affirm on any ground supported by the record, *Johnson v. Riverside Healthcare Sys., LP*, 534 F.3d 1116, 1121 (9th Cir. 2008). We affirm.

Because this case was properly removed by federal officers under 28 U.S.C. § 1442(a)(1), we disagree with the district court's conclusion that it lacked subject matter jurisdiction. However, dismissal of the First Amended Complaint was proper because Ryan failed plausibly to allege facts showing that any defendant committed actionable misconduct. *See* Fed. R. Civ. P. 12(b)(6) (failure to state a claim upon which relief can be granted); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (a plaintiff must allege facts that "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged"); *Pareto v. F.D.I.C.*, 139 F.3d 696, 699 (9th Cir. 1998) ("[C]onclusory allegations of law and unwarranted inferences are not sufficient to defeat a motion to dismiss."). With respect to his federal constitutional claims, Ryan failed plausibly to allege that defendants deprived him of a constitutional right, or that the private attorney defendants acted under color of law. *See Gibson v. United States*, 781 F.2d 1334, 1338 (9th Cir. 1986) (requirements for a claim under 42 U.S.C. § 1983). With

2

respect to his federal statutory claims, Ryan failed to identify any authority supporting a private right of action. *See*, *e.g.*, *Wilcox v. First Interstate Bank of Or., N.A.*, 815 F.2d 522, 533 n.1 (9th Cir. 1987) ("federal appellate courts hold that there is no private right of action for mail fraud under 18 U.S.C. § 1341"). With respect to his state-law claims, Ryan failed plausibly to allege facts showing that any defendant violated state law. *See Iqbal*, 556 U.S. at 678.

The district court did not abuse its discretion in denying leave to amend because Ryan's repeated filings asserting the same deficient claims indicate that amendment would be futile. *See United States v. SmithKline Beecham, Inc.*, 245 F.3d 1048, 1051-52 (9th Cir. 2001) (standard of review and factors to consider in denying leave to amend).

The district court did not abuse its discretion in entering a pre-filing order against Ryan because Ryan had notice of and an opportunity to oppose the proposed order, the district court provided an adequate record for review and made substantive findings as to the frivolous and harassing nature of Ryan's filings, and the order was narrowly tailored. *See De Long v. Hennessey*, 912 F.2d 1144, 1147-48 (9th Cir. 1990) (standard of review and requirements for entering a pre-filing order).

We reject Ryan's contentions that the district court was biased against him and erred in rejecting various filings for failure to comply with local rules.  *See Liteky v. United States*, 510 U.S. 540, 555 (1994) ("judicial rulings alone almost never constitute a valid basis for a bias or partiality motion"); *S. Cal. Edison Co. v. Lynch*, 307 F.3d 794, 807 (9th Cir. 2002) ("District courts have 'inherent power' to control their dockets."  (citation omitted)).

Ryan's Motion for Leave to Correct Record on Appeal (Dkt. No. 3) and Appellees' Motion to Take Judicial Notice (Dkt. No. 49) are denied.

**AFFIRMED.**