NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUL 10 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DAVID VATAN, Relator; United States of America ex rel., <br><br>                  Plaintiff-Appellant, <br><br>   v. <br><br> QTC MEDICAL SERVICES, INC.; LOCKHEED-MARTIN CORPORATION, <br><br>                  Defendants-Appellees. | No.   19-55305 <br><br> D.C. No. 2:14-cv-08961-PA-SS <br><br><br> MEMORANDUM* |

Appeal from the United States District Court
for the Central District of California
Percy Anderson, District Judge, Presiding

Submitted July 6, 2020**
Seattle, Washington

Before: NGUYEN and BUMATAY, Circuit Judges, and SIMON,*** District
Judge.

In this False Claims Act action, David Vatan appeals from the district

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Michael H. Simon, United States District Judge for the
District of Oregon, sitting by designation.

court's order granting summary judgment in favor of QTC Medical Services, Inc. ("QTC"). Our review is de novo. *United States ex rel. Kelly v. Serco, Inc.*, 846 F.3d 325, 329 (9th Cir. 2017). We affirm.

1.     Summary judgment was proper on Vatan's False Claims Act claims because Vatan cannot establish a "false statement or fraudulent course of conduct" as required for liability under the Act. *United States ex rel. Campie v. Gilead Scis., Inc.*, 862 F.3d 890, 899 (9th Cir. 2017) (quoting *United States ex rel. Hendow v. Univ. of Phx.*, 461 F.3d 1166, 1174 (9th Cir. 2006)). Vatan argues that QTC falsely certified that the "entire claims folder" was reviewed when QTC's analysts answered "yes" to that question on a checklist that was submitted with QTC's requests for payment. Vatan contends that answering "yes" in response to this question was a false statement because QTC's training guide instructed analysts that "through the process of elimination, the entire c[laims] file is reviewed."

Contrary to Vatan's claim, there is no evidence that the Department of Veteran Affairs expected QTC's reviewers to review every page in order to truthfully answer "yes" to this question of the checklist. Indeed, it is undisputed that the Department instructed QTC that its reviewers need not review every page. Vatan does not offer any evidence that anyone at the VA considered QTC's use of a "process of elimination" to be inconsistent with answering "yes." Simply put, nothing in the record indicates that analysts were required to review every page of

every document in order to truthfully certify "yes" on this question. And the fact that the VA had a similar understanding suggests that such answers were not objective falsehoods. *See United States ex rel. Lindenthal v. Gen. Dynamics Corp.*, 61 F.3d 1402, 1412 (9th Cir. 1995).[1]

2.      Vatan also contends that QTC's performance fell short of what was required by QTC's contract with the VA. But Vatan's allegations are not actionable under the False Claims Act because they are untethered to any specific false representation. *See United States ex rel. Hopper v. Anton*, 91 F.3d 1261, 1266 (9th Cir. 1996) (violation of a legal requirement does not by itself create liability under the False Claims Act). Vatan cannot establish liability by making generic complaints about the quality of QTC's review and its alleged deviation from the "purpose" of the contract without pointing to any specific misrepresentation.[2]

---

[1] Vatan also relies on his own deposition testimony that a supervisor told him to "ignore" two of the three diseases that analysts were supposed to be reviewing for. His testimony is vague at best and its significance is unclear, especially since analysts were *supposed* to stop reviewing a file once they made the determination to refer a file for the VA to adjudicate. But even drawing inferences about this testimony in Vatan's favor, "this court has refused to find a genuine issue where the only evidence presented is uncorroborated and self-serving testimony." *Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1061 (9th Cir. 2002) (cleaned up).

[2] Vatan's reliance on *Winter ex rel. United States v. Gardens Reg'l Hosp. & Med. Ctr., Inc.,* 953 F.3d 1108 (9th Cir. 2020) is misplaced. There we held that a physician's medical opinion can be considered "false" within the meaning of the

3

3.     Even if Vatan's complaints about QTC's performance under the contract were treated as a "worthless services" claim, summary judgment for QTC was still proper. *United States ex rel. Lee v. SmithKline Beecham, Inc.*, 245 F.3d 1048, 1053 (9th Cir. 2001) (holding that "[i]n an appropriate case, knowingly billing for worthless services" may be actionable). QTC has shown that there is no genuine issue of fact as to whether its performance was deficient under the contract—let alone so deficient that it amounted to worthless services. All of the record evidence suggests that the VA was not only pleased with the work QTC did, but that it had no complaints whatsoever. Vatan offers no evidence to suggest that anyone, at the VA or QTC, thought that QTC's performance was deficient.[3]

For the foregoing reasons, the district court correctly entered summary

---

False Claims Act under some circumstances, such as where the opinion is not honestly held by the doctor. *Id.* at 1117–19. That holding is irrelevant here given that Vatan affirmatively disclaimed any argument that analysts issued "false" opinions as to particular claim files.

[3] Vatan's expert analysis does not change this conclusion. Vatan's expert concluded only that there was a variation in the rate of "yes" and "no" decisions among different analysts. But even accepting this expert's conclusion, it says nothing about the accuracy of those determinations, whether any particular file was reviewed incorrectly or incompletely, or the extent to which such non-objective reviews were corrected by the providers during the second-level review. Vatan has not identified a single file that received an inaccurate referral decision nor has he shown that the review was so plagued with inaccuracies that QTC's performance amounted to essentially no performance at all. *See Mikes v. Straus*, 274 F.3d 687, 703 (2d Cir. 2001) ("In a worthless services claim, the performance of the service is so deficient that for all practical purposes it is the equivalent of no performance at all.").

judgment in favor of QTC.

**AFFIRMED.**