**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

NOV 3 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

United States of America ex. rel.
RELATOR, LLC, a California limited
liability company,

        Plaintiff - Appellant,

and

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

  v.

ILINK EMPLOYERS COMPANY, a
Delaware corporation; ILINK BUSINESS
MANAGEMENT, INC.; and ALVARO
GABRIEL AYALA,

        Defendants - Appellees.

No. 24-5636

D.C. No.
5:22-cv-01004-RGK-DTB

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
R. Gary Klausner, District Judge, Presiding

Argued and Submitted October 10, 2025
Pasadena, California

Before: RAWLINSON, MILLER, and JOHNSTONE, Circuit Judges.

---

    * This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

Plaintiff Relator, LLC appeals the district court's dismissal with prejudice of its action against Defendants iLink Employers Company and iLink Business Management, Inc. (together, "iLink companies"), and Alvaro Gabriel Ayala, CEO of the iLink companies. In its First Amended Complaint, Relator alleged that Defendants violated the False Claims Act ("FCA"), 31 U.S.C. § 3729(a)(1)(A)–(B), by knowingly making false statements and submitting false certifications on federal Paycheck Protection Program ("PPP") loan applications. We have jurisdiction pursuant to 28 U.S.C. § 1291. We reverse and remand for the district court to consider the remaining elements of Relator's FCA claim.

"We review de novo both a dismissal for failure to allege facts of fraud with particularity, and a dismissal for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6)." *United States ex rel. Lee v. SmithKline Beecham, Inc.*, 245 F.3d 1048, 1051 (9th Cir. 2001) (citations omitted). To state a claim under the FCA, Relator must "state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b); *SmithKline Beecham*, 245 F.3d at 1051. "To meet this standard, [a plaintiff's] complaint must 'identify the who, what, when, where, and how of the misconduct charged, as well as what is false or misleading about the purportedly fraudulent statement, and why it is false.'" *Salameh v. Tarsadia Hotel*, 726 F.3d 1124, 1133 (9th Cir. 2013) (quoting *Cafasso v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1055 (9th Cir. 2011)). A plaintiff must also meet the

plausibility pleading standard. *See Cafasso*, 637 F.3d at 1055; *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 556 (2007) (The pleading must state "enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of [the misconduct alleged]."). Relator's First Amended Complaint plausibly alleges with particularity that Defendants falsely certified certain statements in their PPP loan applications to seek and obtain a loan for significantly more payroll than Defendants actually had.

Relator has alleged most of the facts required to state a claim with particularity: *who*: the iLink companies and Ayala; *what and how*: falsely stated in PPP loan applications that the iLink companies had hundreds of employees and needed over $6 million in loans for payroll; *when*: sometime between April and May 2020; and *where:* California and Delaware.

It is a closer question whether Relator has stated with particularity facts plausibly suggesting *why* Defendants' statements were false or misleading, but Relator has alleged enough here to plead falsity at the motion to dismiss stage. Relator plausibly alleged that iLink Employers falsely stated it was in-operation in February 2020. According to the complaint, iLink Employers was not in operation in February 2020 because it did not register to do business in California until July 2020, and, because its designated place of business was California, it could not have been in operation in any other jurisdiction. Relator also plausibly alleged that

3                                                                    24-5636

Defendants made false certifications in the PPP loan applications about needing the loans to support operations, using the loans to cover employee payroll, and applying for only one loan. According to the complaint, the iLink companies did not need the PPP loans to cover payroll because the claimed employees were paid by clients to whom they referred those employees, Ayala used the proceeds to buy real estate, not to cover payroll, and the iLink companies were essentially one company run by Ayala split into two for the sole purpose of obtaining PPP loans. Relator also plausibly alleged that iLink Business falsely certified it would not use its PPP loan to cover portions of employees' annual salaries over the $100,000 salary limit.

Based on Relator's allegations discussed above, Relator also plausibly alleged that Defendants falsely certified that information in their applications was "true and accurate in all material aspects," they "underst[ood]" the statements in the applications, and were eligible to apply for and receive PPP loans. Because Relator pleaded falsity with sufficient particularity, we reverse the district court's order granting Defendants' motion to dismiss and remand for the district court to consider the remaining elements of Relator's FCA claim.

**REVERSED and REMANDED.**[1]

---

[1] Relator's motion for judicial notice, Dkt. 12, and Defendants' motion for judicial notice, Dkt. 19, are DENIED.

24-5636