**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| In re: VALLEY HEALTH SYSTEM, a California Local Health Care District, <br><br> Debtor, <br><br> ——————————————— <br><br> VALLEY HEALTH SYSTEM RETIREMENT PLAN; VALLEY HEALTH SYSTEM; VINAY M. RAO, Trustee of the Valley Health System Retirement Plan; MICHELE BIRD, Trustee of the Valley Health System Retirement Plan; JOEL BERGENFELD, Trustee of the Valley Health System Retirement Plan, <br><br> Appellants, <br><br> v. <br><br> PEGGY KIRTON; DIANA AGNELLO, <br><br> Appellees. | No. 12-60019 <br><br> BAP No. 11-1100 <br><br> MEMORANDUM[*] |

Appeal from the Ninth Circuit
Bankruptcy Appellate Panel
Hollowell, Pappas, and Markell, Bankruptcy Judges, Presiding

———————————

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Argued and Submitted February 5, 2014
Pasadena, California

Before: PREGERSON and WARDLAW, Circuit Judges, and BURRELL, Senior District Judge.[**]

Appellants—Valley Health System, Valley Health Retirement Plan, and trustees of the Retirement Plan—appeal a Bankruptcy Appellate Panel (BAP) decision that reversed the bankruptcy court's dismissal of a mandamus petition filed against Appellants. As the facts and procedural history are familiar to the parties, we do not recite them here except as necessary to explain our disposition. We have jurisdiction under 28 U.S.C. § 158(d)(1), and we reverse.

Appellees—former Valley Health System employees and retirement plan participants—filed a mandamus petition in state court seeking to enforce their alleged rights under the Valley Health Retirement Plan. The mandamus petition was filed after the bankruptcy court had confirmed Valley Health System's Chapter 9 bankruptcy plan. Appellants removed the case from state court to bankruptcy court, and the bankruptcy court dismissed the mandamus petition for failure to state a claim. The bankruptcy court subsequently denied Appellees' motion for reconsideration. Appellees appealed the bankruptcy court's decisions

---

[**]  The Honorable Garland E. Burrell, Jr., Senior District Judge for the U.S. District Court for the Eastern District of California, sitting by designation.

to the BAP. The BAP ruled that the bankruptcy court lacked subject matter jurisdiction over the mandamus petition, and thus vacated the bankruptcy court's dismissal of the mandamus petition. The BAP remanded the matter to the bankruptcy court with instructions to remand the mandamus petition to the state court. *In re Valley Health System*, 471 B.R. 555, 569 (B.A.P. 9th Cir. 2012).

"Bankruptcy courts have subject matter jurisdiction over proceedings 'arising under title 11, or arising in or related to cases under title 11.'" *In re Wilshire Courtyard*, 729 F.3d 1279, 1285 (9th Cir. 2013) (quoting 28 U.S.C. § 1334(b)). We conclude that the BAP erred in holding that the bankruptcy court did not have "related to" jurisdiction. *See Valley Health System*, 471 B.R. at 567-68.

After a bankruptcy plan has been confirmed, a bankruptcy court has "related to" jurisdiction over proceedings that have "a close nexus to the bankruptcy plan or proceeding." *In re Pegasus Gold Corp.*, 394 F.3d 1189, 1194 (9th Cir. 2005) (quoting *In re Resorts Int'l, Inc.*, 372 F.3d 154, 166 (3d Cir. 2004)). A close nexus exists where a "matter[] affect[s] the interpretation, implementation, consummation, execution, or administration of the confirmed plan." *In re Wilshire Courtyard*, 729 F.3d 1279, 1287 (9th Cir. 2013) (internal quotation marks omitted).

Here, the confirmed bankruptcy plan provides that:

> [Retirement plan participants] shall have no recourse to [Valley Health System] or to any assets of [Valley Health System], and shall not be entitled to receive any distributions under this [bankruptcy] Plan.  Instead, all unallocated amounts held . . . pursuant to the VHS Retirement Plan . . . will continue to be made available to provide retirement benefits for participants in the manner indicated under the provisions of the VHS Retirement Plan . . . .  Accordingly, the treatment of [retirement plan participants] set forth herein shall not affect any legal, equitable or contractual rights to which [they] are entitled."

The resolution of Appellees' mandamus petition would "affect[] the interpretation [and] implementation . . . of the confirmed plan." *Wilshire*, 729 F.3d at 1289 (quoting *Pegasus Gold Corp.*, 394 F.3d at 1194).  Resolution of the mandamus petition would require a court to determine whether the confirmed bankruptcy plan discharged Appellees' claims—whether Appellees have any "recourse to [Valley Health System] or to any of [its] assets."  Thus, there is a close nexus between the bankruptcy plan and the mandamus petition.

Furthermore, a close nexus also exists where a proceeding requires interpretation of an order confirming a bankruptcy plan.  *Wilshire*, 729 F.3d at 1289.  Here, the confirmation order provides that:

-4-

> All entities that have, hold or may hold claims arising prior to the Effective Date . . . are permanently enjoined, from and after the Effective Date, from (a) commencing or continuing, in any manner, any action or other proceeding of any kind with respect to any such pre-Effective Date claim or cause of action against [Valley Health System] . . . that would . . . delay or impede the full implementation of the Plan, [and] (b) enforcing, attaching, collecting, or recovering by any manner or means any judgment, award, decree or order against [Valley Health System] with respect to such pre-Effective Date claims or causes of action . . . .

The resolution of Appellees' mandamus petition requires interpretation of the confirmation order. A court would need to determine whether the bankruptcy court's confirmation order enjoins Appellees from continuing their mandamus action. Thus, there is a close nexus between the bankruptcy plan and the mandamus petition.

Appellees' reliance on *In re Ray*, 624 F.3d 1124 (9th Cir. 2010), is misplaced. In *Ray*, we held that the bankruptcy court lacked "related to" jurisdiction where, after a bankruptcy case closed, a plaintiff challenged a debtor's sale of real property that had been approved by the bankruptcy court. *Id*. at 1129. The plaintiff alleged breach of first refusal rights. *Id*. We reasoned that the bankruptcy court did not have "related to" jurisdiction over the dispute because the "breach of contract action . . . could have existed entirely apart from the

-5-

bankruptcy proceeding." *Id.* at 1135. In other words, "[t]he dispute in *Ray . . .* did not involve 'implementation and execution of [the bankruptcy plan].'" *Wilshire*, 729 F.3d at 1288 (quoting *Ray*, 624 F.3d at 1134). Unlike in *Ray*, here, a court must interpret the bankruptcy plan and confirmation order to determine whether Appellees' claims were discharged or Appellees are enjoined from bringing suit. Thus, the bankruptcy court retained "related to" jurisdiction over Appellees' mandamus petition.[1]

Because the BAP addressed only jurisdiction and did not address any of the substantive issues that Appellees raised on appeal from the bankruptcy court, we REVERSE and REMAND with instructions that the BAP determine all of the remaining substantive issues raised on appeal from the bankruptcy court.

REVERSED AND REMANDED.

---

[1] Because we conclude that the bankruptcy court retained "related to" jurisdiction over Appellees' mandamus petition, we need not reach the parties' arguments concerning other bases of jurisdiction. *Cf. Wilshire*, 729 F.3d at 1285 n.5.