United States v. Braddock

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 25th day of November, two thousand fourteen.

PRESENT: AMALYA L. KEARSE,
         DENNIS JACOBS,
         REENA RAGGI,
                    Circuit Judges.

- - - - - - - - - - - - - - - - - - - -X
UNITED STATES,
          Appellee,

          -v.-                                    13-3470

ROBERT BRADDOCK, JR.,
          Defendant-Appellant.*
- - - - - - - - - - - - - - - - - - - -X

FOR APPELLANT:              FRANK J. RICCIO, Law Offices of
                            Frank J. Riccio LLC, Bridgeport,
                            Connecticut.

FOR APPELLEE:               CHRISTOPHER M. MATTEI (with Marc
                            H. Silverman, on the brief) for
                            Deirdre M. Daly, United States

---

* The Clerk of Court is respectfully directed to amend the official caption in this case as set forth above.

Attorney for the District of Connecticut, New Haven, Connecticut.

Appeal from a judgment of the United States District Court for the District of Connecticut (Arterton, <u>J.</u>).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED.**

Robert Braddock, Jr., who was the finance director for the federal congressional campaign of then-Connecticut State legislator Christopher Donovan, was convicted, after a jury trial in the United States District Court for the District of Connecticut (Arterton, <u>J.</u>), of conspiracy to cause the submission of false statements to the Federal Election Commission ("FEC") and to defraud the United States, accepting illegal conduit contributions to a candidate for federal office, and causing the submission of false statements to the FEC.

Braddock's conviction arose out of a scheme in which the campaign accepted bribes from a group of Roll-Your-Own smoke shops in exchange for assurance that Donovan would kill any legislation arising in the Connecticut General Assembly that would negatively impact the Roll-Your-Own smoke shops' favorable tax status.

On appeal, Braddock argues that the district court erred in denying his motion for a judgment of acquittal as a matter of law on the ground of insufficient evidence. Braddock also argues that the district court erred in applying a Guidelines enhancement for the abuse of a position of trust. Finally, Braddock challenges the substantive reasonableness of his sentence. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

1.  <u>Sufficiency of the Evidence</u>

"The Court reviews challenges to the sufficiency of the evidence <u>de novo</u>." <u>United States v. Ionia Mgmt. S.A.</u>, 555 F.3d 303, 309 (2d Cir. 2009) (per curiam). But a "defendant challenging the sufficiency of the evidence underlying a

2

criminal conviction bears a heavy burden, because this Court must review the evidence in the light most favorable to the government, drawing all reasonable inferences in its favor." United States v. Mercado, 573 F.3d 138, 140 (2d Cir. 2009) (internal quotation marks omitted). And, "it is the task of the jury, not the court, to choose among competing inferences that can be drawn from the evidence." United States v. Jackson, 335 F.3d 170, 180 (2d Cir. 2003).

We agree with the district court that sufficient evidence--including recorded conversations--supported Braddock's convictions for conspiracy, accepting illegal campaign contributions, and causing the submission of false statements to the FEC. Braddock's primary objection to the government's case is that it consisted largely of the testimony of a cooperating witness. But, this Court must "defer[] to the jury's assessment of witness credibility and its assessment of the weight of the evidence." United States v. Coplan, 703 F.3d 46, 62 (2d Cir. 2012) (internal quotation marks omitted).

    2.    Abuse of a Position of Trust

Whether a defendant "occupied a position of trust within the meaning of § 3B1.3 is considered from the victim's viewpoint and presents a question of law subject to de novo review. United States v. Thorn, 446 F.3d 378, 388 (2d Cir. 2006). "The determination of whether a defendant utilized a position of trust or special skill in a manner that significantly facilitated the commission or concealment of the offense is a question of fact reviewed for clear error." Id.

The abuse-of-a-position-of-trust enhancement is appropriate if the defendant abused a position of trust "in a manner that significantly facilitated the commission or concealment of the offense." U.S.S.G. § 3B1.3; see United States v. Nuzzo, 385 F.3d 109, 115 (2d Cir. 2004). Braddock's role as finance director for Donovan's campaign was a position "characterized by professional or managerial discretion," U.S.S.G. § 3B1.3 cmt. n.1. Braddock was responsible for, among other things, setting the campaign's fundraising goals, designing the strategy to meet those goals, supervising the donor database, responding to donor inquiries about FEC compliance, deciding whether to accept

3

contributions, managing relationships with donors, and advising Donovan.  As the district court reasoned, Braddock performed his duties as the campaign's finance director "without significant supervision."  Sentencing Hr'g Tr. 20:16; see also United States v. Barrett, 178 F.3d 643, 646 (2d Cir. 1999).  And, as the district court concluded, Braddock used his position of trust to further and conceal his crimes.  See Sentencing Hr'g Tr. 23:15–25:16.  For example, Braddock prevented a check bearing the name of a smoke shop owner from being deposited, arranged for a substitute check from a straw donor, and circumvented the campaign's FEC compliance mechanism.

### 3.   Substantive Reasonableness of Braddock's Sentence

This Court reviews a sentence for substantive reasonableness under a "particularly deferential standard." United States v. Adams, 768 F.3d 219, 225 (2d Cir. 2014) (per curiam) (internal quotation marks omitted).  A sentence is substantively unreasonable only in the "rare case" when allowing it to stand would "damage the administration of justice because the sentence imposed was shockingly high, shockingly low, or otherwise unsupportable as a matter of law."  United States v. Rigas, 583 F.3d 108, 123 (2d Cir. 2009).  The district court properly considered Braddock's history and characteristics, the seriousness of the offense, and the need for deterrence, and the below-Guidelines sentence imposed was not "shockingly high" or "otherwise unsupportable as a matter of law."  Id.; see also United States v. Park, 758 F.3d 193, 200 (2d Cir. 2014) (per curiam).

For the foregoing reasons, and finding no merit in Braddock's other arguments, we hereby **AFFIRM** the judgment of the district court.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

4