**NOT FOR PUBLICATION**

**UNITED STATES BANKRUPTCY APPELLATE PANEL**

**OF THE NINTH CIRCUIT**

| | |
|---|---|
| In re: ) | BAP No. CC-11-1100-DPaTa |
| ) | |
| VALLEY HEALTH SYSTEM, ) | Bk. No. 07-18293 |
| ) | |
| Debtor. ) | Adv. No. 10-01566 |
| _____ ) | |
| PEGGY KIRTON; DIANA AGNELLO, ) | |
| ) | |
| Appellants, ) | |
| ) | |
| v. ) | **M E M O R A N D U M**[1] |
| ) | |
| VALLEY HEALTH SYSTEM; VALLEY ) | |
| HEALTH SYSTEM RETIREMENT ) | |
| PLAN; JOEL BERGENFELD, ) | |
| Trustee of the Valley Health ) | |
| System Retirement Plan; ) | |
| VINAY M. RAO, Trustee of the ) | |
| Valley Health System ) | |
| Retirement Plan; MICHELE BIRD,) | |
| Trustee of the Valley Health ) | |
| System Retirement Plan, ) | |
| ) | |
| Appellees. ) | |
| _____ ) | |

Argued and Submitted on January 22, 2015
at Pasadena

Filed - February 25, 2015

Appeal from the United States Bankruptcy Court
for the Central District of California

Honorable Peter Carroll, Bankruptcy Judge, Presiding

___

[1] This disposition is not appropriate for publication. Although it may be cited for whatever persuasive value it may have (see Fed. R. App. P. 32.1), it has no precedential value. See 9th Cir. BAP Rule 8024-1.

Appearances:    Gregory G. Petersen argued for Appellants Peggy Kirton and Diana Agnello; Gary E. Klausner of Levene, Neale, Bender, Yoo & Brill LLP argued for Appellee Valley Health System; Mark R. Attwood of Jackson Lewis LLP argued for Appellees Valley Health System Retirement Plan and its trustees, Joel Bergenfeld, Vinay M. Rao, and Michele Bird.

Before:  DUNN, PAPPAS, and TAYLOR, Bankruptcy Judges.

This appeal is before us for a second time. On March 19, 2012 ("Prior Disposition"),[2] the Panel determined that the bankruptcy court lacked subject matter jurisdiction over the dispute between the parties.  On further appeal to the Ninth Circuit Court of Appeals, that determination was reversed and remanded to this Panel to determine the remaining substantive issues posed on appeal from the bankruptcy court.  See Valley Health Sys. v. Kirton (In re Valley Health Sys.), 584 Fed.Appx. 477 (9th Cir. 2014).

We restate the introduction to the appeal set forth in the Prior Disposition:

> Peggy Kirton and Diana Agnello ("Kirton Parties") are former employees of Valley Health System ("VHS") and were participants in the Valley Health System Retirement Plan ("Retirement Plan").  After VHS confirmed its chapter 9[3] plan of adjustment, they filed in state court a petition for writ of mandamus ("Petition") against VHS and others seeking to enforce their alleged rights under the Retirement Plan.  VHS

---

[2]  The Prior Disposition was a reported opinion: Kirton v. Valley Health Sys. (In re Valley Health Sys.), 471 B.R. 555 (9th Cir. BAP 2012).

[3]  Unless specified otherwise, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101–1532, and all "Rule" references are to the Federal Rules of Bankruptcy Procedure, Rules 1001–9037.  All "Civil Rule" references are to the Federal Rules of Civil Procedure.

-2-

removed the Petition to the bankruptcy court. Along with other named respondents, VHS then filed a Civil Rule 12(b)(6) motion to dismiss the Petition, which the bankruptcy court granted without leave to amend. The Kirton Parties filed a motion for reconsideration, which the bankruptcy court denied.

The Kirton Parties appeal from both the dismissal order and the order denying the motion for reconsideration.

For the reasons stated below, we AFFIRM the bankruptcy court's dismissal of the adversary proceeding.

## I. FACTUAL BACKGROUND[4]

A. VHS Confirms a Chapter 9 Plan

VHS is a local health care district under the California Local Health Care District Law, Cal. Health & Safety Code § 32000 et seq. VHS filed a chapter 9 bankruptcy petition in December 2007, and the bankruptcy court entered an order for relief in the case in February 2008. Pursuant to § 943, the bankruptcy court confirmed VHS' first amended plan of adjustment ("Chapter 9 Plan") by order entered April 26, 2010 ("Confirmation Order"). On October 14, 2010, VHS issued a notice that October 13, 2010, was the effective date of the Chapter 9 Plan. Among other things, the Chapter 9 Plan provided for the discharge of VHS' prepetition debts and also enjoined claimants from pursuing any action or proceeding on account of such debts.

The underlying fact that has driven the litigation that is the subject of this appeal is that VHS, prepetition, allegedly had failed to fund the Retirement Plan adequately by at least

---

[4] A complete recitation of the facts is set forth in the Prior Dispostition. The facts in this Memorandum are more summary in nature, and borrow heavily from the previously stated facts.

$100 million. The Chapter 9 Plan specifically addressed VHS' obligations under its Retirement Plan:

> Defined Benefit Plan Participants will be entitled to the same rights and benefits to which such participants are currently entitled under the VHS Retirement Plan and the MetLife Group Annuity Contract, and such participants shall have no recourse to the District or to any assets of the District, and shall not be entitled to receive any distributions under this Plan. Instead, all unallocated amounts held by MetLife Group, pursuant to the VHS Retirement Plan and the MetLife Group Annuity Contract, will continue to be made available to provide retirement benefits for participants in the manner indicated under the provisions of the VHS Retirement Plan and the MetLife Group Annuity Contract. Accordingly, the treatment of Allowed Class 2C claim holders set forth herein shall not affect any legal, equitable or contractual rights to which the VHS Retirement Plan participants are entitled.

Chapter 9 Plan (Dec. 17, 2009) at 16:13-22. Based on this treatment, Retirement Plan participants (Class 2C claimants) were characterized as unimpaired, with no entitlement to vote on the Chapter 9 Plan.

The Kirton Parties were served with notice of the claims bar date, bankruptcy court approval of the first amended disclosure statement, and the confirmation hearing on the Chapter 9 Plan. They also received copies of the Chapter 9 Plan and the first amended disclosure statement. The Kirton Parties filed no proofs of claim, did not object to confirmation of the Chapter 9 Plan, and otherwise did not participate in VHS' Chapter 9 case. They further did not appeal the Confirmation Order.

B. The Kirton Parties Seek Relief in State Court

In August 2010, after the Chapter 9 Plan had been confirmed, the Kirton Parties filed the state court Petition, naming as respondents VHS, the Retirement Plan, three individual trustees

-4-

for the Retirement Plan, and MetLife, Inc. ("MetLife"), the administrator of the Retirement Plan. The Petition sought damages in excess of $100 million under various theories for the alleged underfunding of the Retirement Plan since 1999. The Petition's prayer for relief sought a writ of mandate directing the respondents to fund the Retirement Plan as required by law, to disclose VHS' underfunding and violations of the Retirement Plan and the California Constitution, to cease any concealment of underfunding/violations, and to prosecute any actions allowed or required to conserve the Retirement Plan's assets. The Petition alleged that all of the respondents had breached their respective duties to prevent, to disclose, or both, VHS' underfunding of the Retirement Plan, which were alleged to have arisen under the Retirement Plan itself and California Constitution Art. XVI, Sec. 17. However, ultimately, as noted in the Prior Disposition, "[t]he gravamen of the Petition was that VHS allegedly underfunded the Retirement Plan to the tune of $100 million." 471 B.R. at 560.

C.   VHS Removes the State Court Petition to Bankruptcy Court

On September 22, 2010, VHS filed a notice of removal pursuant to 28 U.S.C. § 1452(a) and Rule 9027, which removed the Petition from state court to the bankruptcy court. VHS, the Retirement Plan, and its Trustees ("VHS Defendants") then filed the motion ("Dismissal Motion") to dismiss the Petition under Civil Rule 12(b)(6), applicable in the adversary proceeding pursuant to Rule 7012, on October 22, 2010.

The primary argument in the Dismissal Motion was that the Chapter 9 Plan and the Confirmation Order discharged VHS'

-5-

obligation to fund the Retirement Plan. In addition, the VHS Defendants argued that the Trustees had no contractual or fiduciary obligations to the Kirton Parties under the Retirement Plan; that the Retirement Plan did not have legal capacity to sue or be sued; that the Kirton Parties did not comply with the pre-filing requirements of the California Government Claims Act; that both VHS and the Trustees were immune from liability; and that the Kirton Parties failed to plead the requisite elements for mandamus relief or for relief under the causes of action alleged.

The notice which accompanied the Dismissal Motion warned the Kirton Parties that if they failed to file a timely opposition, the Local Rules authorized the bankruptcy court to treat that failure as consent to the relief requested in the Dismissal Motion. Notwithstanding that warning, the Kirton Parties never filed a response to the Dismissal Motion. On the eve of the January 4, 2011, hearing ("Hearing") on the Dismissal Motion, the Kirton Parties instead filed what they intended to be an amended complaint.

At the Hearing, the bankruptcy court found that no valid amended complaint had in fact been filed; the Kirton Parties had failed to comply with Civil Rule 15, which required either written consent from the VHS Defendants or an order from the bankruptcy court in advance of filing an amended complaint, neither of which the Kirton Parties had obtained. In light of the Kirton Parties' failure to respond to the Dismissal Motion, the bankruptcy court granted the Dismissal Motion without leave to amend.

The Kirton Parties objected to the proposed dismissal order

-6-

prepared by the VHS Defendants on the basis that it attempted to grant relief beyond that sought in the Dismissal Motion and to resolve matters not properly before the bankruptcy court. In particular, the Kirton Parties asserted that granting the Dismissal Motion in favor of parties not expressly named as movants in the Dismissal Motion would violate the Kirton Parties' due process rights. In large part this argument seems to be directed to the Kirton Parties' assertions that VHS had more than one retirement plan and that the retirement plan named in their Petition was not the Retirement Plan on behalf of which the Dismissal Motion was filed. The Kirton Parties also asserted that the California Constitution deprived the bankruptcy court of jurisdiction over any retirement plan of VHS. The bankruptcy court overruled the Kirton Parties' objections and entered the form of order ("Dismissal Order") the VHS Defendants had lodged.

In response, the Kirton Parties filed a motion for reconsideration of the Dismissal Order, reiterating their arguments made against the form of order. The bankruptcy court entered a Memorandum of Decision ("Opinion") without a hearing with respect to reconsideration on February 24, 2011. In the Opinion, the bankruptcy court explicitly found that "VHS had only one retirement plan – the VHS Retirement Plan identified in VHS's disclosure Statement." The bankruptcy court also rejected the Kirton Parties' theory that the VHS Retirement Plan was a <u>sui juris</u> entity capable of being sued in its own right. Rather, the bankruptcy court ruled that the VHS Retirement Plan was "tantamount to a pre-petition contract between VHS and the plan participants," citing <u>Westley v. Cal. Pub. Employees Ret. Sys.</u>

-7-

Bd. of Admin., 105 Cal. App. 4th 1095, 1116 (3d Dist. 2003). The bankruptcy court ruled that VHS' only funding obligation arose from this contractual relationship, implicitly rejecting any theory that the underfunding implicated the California Constitution. Finally, the bankruptcy court ruled that the Trustees had no contractual obligations under the Retirement Plan in their individual capacities. Noting that the Kirton Parties had been on notice throughout VHS' bankruptcy case of relevant deadlines but had failed to take any action to protect any claim they might have had against VHS for underfunding the Retirement Plan, the bankruptcy court concluded that the claims asserted in the Petition were barred by the confirmed Chapter 9 Plan.

Based upon the foregoing, the bankruptcy court ruled that granting the Dismissal Motion was appropriate, as was granting it without leave to amend where the claims stated by the Petition could not possibly be cured by the allegation of other facts. Further, extending the Dismissal Order to cover claims asserted against MetLife, notwithstanding MetLife's failure to make an appearance in response to the Petition, was warranted because MetLife's position was aligned with that of the VHS Defendants.

The order ("Reconsideration Order") denying the Reconsideration Motion was entered February 24, 2011. The Kirton Parties thereafter timely appealed both the Dismissal Order and the Reconsideration Order.

## II. JURISDICTION

The bankruptcy court had "related to" jurisdiction under 28 U.S.C. §§ 1334 and 157. See Valley Health Sys. v. Kirton (In re Valley Health Sys.), 584 Fed.Appx. 477 (9th Cir. 2014).

-8-

We have jurisdiction under 28 U.S.C. § 158.

## III. ISSUES

Whether the bankruptcy court clearly erred and/or abused its discretion when it dismissed the adversary proceeding.

## IV. STANDARDS OF REVIEW

We review de novo the bankruptcy court's interpretation of the Civil Rules. Am. Sports Radio Network, Inc. v. Krause (In re Krause), 526 F.3d 1070, 1073 n.5 (9th Cir. 2008). Thus, the bankruptcy court's dismissal of an adversary proceeding for failure to state a claim under Civil Rule 12(b)(6) is reviewed de novo. N.M. State Inv. Council v. Ernst & Young LLP, 641 F.3d 1089, 1094 (9th Cir. 2011); Barnes v. Belice (In re Belice), 461 B.R. 564, 572 (9th Cir. 2011).

"Dismissal without leave to amend is improper unless it is clear, upon de novo review, that the complaint could not be saved by any amendment." Thinket Ink Info. Res., Inc. v. Sun Microsystems, Inc., 368 F.3d 1053, 1061 (9th Cir. 2004)(citation omitted). Where amendment would be futile, it is not error for a trial court to deny leave to amend. Id., citing Saul v. United States, 928 F.2d 829, 843 (9th Cir. 1991).

We review the bankruptcy court's denial of a motion for reconsideration for an abuse of discretion. Tracht Gut, LLC v. Cnty. of L.A. Treasurer & Tax Collector (In re Tracht Gut, LLC), 503 B.R. 804, 809 (9th Cir. BAP 2014).

Review of an abuse of discretion determination involves a two-prong test; first, we determine de novo whether the bankruptcy court identified the correct legal rule for application. See United States v. Hinkson, 585 F.3d 1247, 1261-

-9-

62 (9th Cir. 2009)(en banc). If not, then the bankruptcy court necessarily abused its discretion. See id. at 1262. Otherwise, we next review whether the bankruptcy court's application of the correct legal rule was clearly erroneous. We will affirm unless its fact findings were illogical, implausible, or without support in inferences that may be drawn from the facts in the record. See id.

We may affirm the decision of the bankruptcy court on any basis supported by the record. See ASARCO, LLC v. Union Pac. R. Co., 765 F.3d 999, 1004 (9th Cir. 2014); Shanks v. Dressel, 540 F.3d 1082, 1086 (9th Cir. 2008).

## V. DISCUSSION

1. The Bankruptcy Court Dismissed the Adversary Proceeding Because the Kirton Parties Failed to Comply With National and Local Rules.

It is well- and long-established that a court's local rules have the force of law. See Weil v. Neary, 278 U.S. 160, 169 (1929). This principle includes the bankruptcy court's Local Rules. See Price v. Lehtinen (In re Lehtinen), 332 B.R. 404, 412-14 (9th Cir. BAP 2005), aff'd, 564 F.3d 1052 (9th Cir. 2009).

In the Bankruptcy Court for the Central District of California, Local Rule 9013-1(f) provides, with exceptions not relevant to this appeal, that "each interested party opposing or responding to the motion must file and serve the response (Response) on the moving party and the United States trustee not later than 14 days before the date designated for hearing." Further, Local Rule 9013-1(h) cautions "if a party does not timely file and serve documents, the court may deem this to be consent to the granting or denial of the motion, as the case may

be."

The VHS Defendants filed the Dismissal Motion on October 22, 2010. The notice of motion, with which the Kirton Parties were served, warned that a failure to file a timely opposition to the Dismissal Motion could be treated by the bankruptcy court as consent to the relief requested in the Dismissal Motion. Notwithstanding the notice that serious consequences might result if a timely response to the Dismissal Motion was not filed, the Kinton Parties never filed any response, even with several opportunities to do so.

The original scheduled hearing date on the Dismissal Motion was November 30, 2010, making the Kirton Parties' response due no later than November 16, 2010. The record establishes that on November 24, 2010, the parties filed a stipulation to continue the hearing to a proposed date of December 30, 2010; that the continuance was a professional courtesy being extended to counsel for the Kirton Parties based upon his poor health; and that the parties expressly stipulated "[t]o allow [the Kirton Parties'] Opposition and [the VHS Defendants'] Reply to the Opposition to [the Dismissal Motion] to be filed in accordance with the new date [sic] hearing." The bankruptcy court ultimately reset the hearing on the Dismissal Motion for January 4, 2011, resetting the deadline for the Kirton Parties to file an opposition to the Dismissal Motion to December 21, 2010. A joint status report also was due on December 21, 2010 under the Local Rules; however, counsel for the VHS Defendants was unable to obtain the cooperation of counsel for the Kirton Parties. The VHS Defendants filed a unilateral status report instead. On

-11-

December 30, 2010, the VHS Defendants filed a notice that no opposition had been filed to the Dismissal Motion. Ultimately, at 9:23 p.m. on January 3, 2011, the day before the Hearing, the Kirton Parties filed their own unilateral status report.

The Kirton Parties belatedly attempted to file an amended complaint, taking the position that the amended complaint would render the Dismissal Motion moot, thereby relieving the Kirton Parties of the responsibility for responding to the Dismissal Motion, timely or otherwise.

Local Rule 7015-1(a)(3) provides, "Unless otherwise ordered, a pleading will not be deemed amended absent compliance with this rule and [Rule] 7015." Rule 7015 expressly incorporates Civil Rule 15. Because the Kirton Parties did not amend the Petition within 21 days after the Dismissal Motion was filed, they were required to comply with Civil Rule 15(a)(2), which states: "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." The Kirton Parties having obtained neither the written consent of the VHS Defendants nor leave of the bankruptcy court to file their amended complaint, the bankruptcy court properly determined that the Petition was not deemed amended. The Kirton Parties were therefore left with a live Dismissal Motion to which they had not responded.

The bankruptcy court neither erred nor abused its discretion in entering the Dismissal Order in these circumstances. That determination was in accordance with Local Rules 9013-1(f) and (h), of which the Kirton Parties were fully informed.

## 2. Dismissal Without Leave to Amend Was Not Improper

Rule 15(a)(2) requires the bankruptcy court to freely give leave to amend a pleading "when justice so requires." If, however, upon de novo review, it is clear that the Petition could not be saved by any amendment, dismissal without leave to amend is not improper. See Polich v. Burlington N., Inc., 942 F.2d 1467, 1472 (9th Cir. 1991). To dismiss a pleading without leave to amend, the bankruptcy court was required to determine that the Petition could not possibly be cured by the allegation of other facts. United States v. SmithKline Beecham, Inc., 245 F.3d 1048, 1052 (9th Cir. 2001).

Any underfunding of the Retirement Plan could only be collected from VHS. As noted by the bankruptcy court, the Petition through its various claims for relief sought damages in excess of $100 million for the alleged underfunding of the Retirement Plan since 1999. Yet, in light of the terms of the confirmed Chapter 9 Plan, no action could be taken to require VHS to pay additional funds into the Retirement Plan. In these circumstances, the bankruptcy court concluded that the Petition failed to state a plausible claim for relief against any of the VHS Defendants or MetLife, a fatal defect that could not be cured by amendment. We agree with the bankruptcy court's conclusion. It is clear that the allegation of additional facts would not cure the defects in the Petition. Accordingly, the bankruptcy court did not err in dismissing the Petition without leave to amend.

## 3. The Scope of the Dismissal Was Not Improper

The Kirton Parties contend that the bankruptcy court erred

-13-

in dismissing the Petition as to all of the named respondents when not all had requested dismissal. Aside from Does 1-200, the only "Respondent" named in the Petition that did not join in the Dismissal Motion was MetLife.

The Ninth Circuit has held as a matter of law that dismissal with prejudice in favor of a party which has not appeared can be based upon the presentations of other defendants which have appeared. See Abagninin v. AMVAC Chemical Corp., 545 F.3d 733, 743 (9th Cir. 2008). MetLife was the administrator of the Retirement Plan; its interest was absolutely aligned with that of the VHS Defendants. The bankruptcy court determined that MetLife was in an identical position to the VHS Defendants such that the claims in the Petition against MetLife also should be dismissed without leave to amend. Not only was it within the authority of the bankruptcy court to do so (see Silverton v. Dep't. of Treasury, 644 F.2d 1341, 1345 (9th Cir.), cert. denied, 454 U.S. 895 (1981)), it was not error in the circumstances before us.

## VI. CONCLUSION

In light of the failure of the Kirton Parties to comply with the Local Rules in relation to the Dismissal Motion, the bankruptcy court did not err when it dismissed the Petition. Nor was dismissal without leave to amend the Petition error where the confirmed Chapter 9 Plan precluded any effort by the Kirton Parties to compel VHS to provide additional funding to the Retirement Plan. Extending the scope of the Dismissal Order to MetLife was appropriate where MetLife was merely the administrator of the Retirement Plan and was aligned with all of the other VHS Defendants. Accordingly, we AFFIRM both the

Dismissal Order and the Reconsideration Order.[5]

---

[5] Appellants filed two requests for judicial notice in this appeal. The first requested that we take judicial notice of (1) the list of creditors in the chapter 9 case and (2) the docket of the chapter 9 case. The second, filed days before oral argument, requested that we take judicial notice of a June 2, 2003, opinion of the Attorney General for the State of California. We deny the requests on the basis that the documents which Appellants request that we take judicial notice of are not relevant to the disposition of this appeal or are merely redundant to facts and/or authorities already in the record before us.