FILED

**NOT FOR PUBLICATION**

JUL 18 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SUSAN MAE POLK, | No. 13-16584 |
| Plaintiff - Appellant, | D.C. No. 4:12-cv-01026-PJH |
| v. | |
| JOHN POLK; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Northern District of California
Phyllis J. Hamilton, Chief District Judge, Presiding

Submitted July 14, 2016[**]
San Francisco, California

Before: THOMAS, Chief Judge, and HAWKINS and McKEOWN, Circuit Judges.

Susan Polk appeals pro se the dismissal of her Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1961-1968, and civil rights conspiracy, 42 U.S.C. § 1985, claims against various individuals who allegedly

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

conspired to take control and liquidate for their own benefit the assets of her husband's estate and a trust holding her real property. We have jurisdiction under 28 U.S.C. § 1291. We review de novo, *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998), and affirm.

There was no error in dismissing Polk's RICO claims. Her complaint was filed outside of RICO's four-year statute of limitations, and she alleges no facts supporting equitable estoppel or tolling. *Grimmett v. Brown*, 75 F.3d 506, 513 (9th Cir. 1996) (limiting "separate accrual rule" to "new and independent act[s] that [are] not merely a reaffirmation of a previous act") (emphasis omitted). Polk's claims also fail because she did not adequately allege that Defendants engaged in a pattern of "racketeering activity." *See* 18 U.S.C. § 1961(1) (exhaustive list of crimes that may constitute racketeering activity).

Polk's § 1985 claims were properly dismissed. Polk did not allege interference with any federal court proceeding, as required to state a claim under the first part of § 1985(2). *Bagley v. CMC Real Estate Corp.*, 923 F.2d 758, 763 (9th Cir. 1991). Nor did she plausibly allege that Defendants were motivated by "class-based, invidiously discriminatory animus," as required to state a claim under the second part of § 1985(2) and under § 1985(3). *Id.* (citation and internal quotation marks omitted); *see also Sever v. Alaska Pulp Corp.*, 978 F.2d 1529, 1536 (9th Cir. 1992).

2

Finally, there was no abuse of discretion in denying Polk more time to amend her complaint because further amendment would have been futile. *U.S. ex rel. Lee v. SmithKline Beecham, Inc.*, 245 F.3d 1048, 1052 (9th Cir. 2001).

Polk's request for judicial notice, filed November 26, 2013, is denied as unnecessary.

**AFFIRMED.**