**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAY 20 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



|  |  |
|---|---|
| FRANK ADOMITIS, Relator; ex. rel. United States of America,<br><br>    Plaintiff-Appellant,<br><br>  v.<br><br>SAN BERNARDINO MOUNTAINS COMMUNITY HOSPITAL DISTRICT; DOES, 1 through 20, inclusive,<br><br>    Defendants-Appellees. | No.    18-56422<br><br>D.C. No.<br>5:17-cv-00002-JGB-KK<br><br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Jesus G. Bernal, District Judge, Presiding

Argued and Submitted February 14, 2020
Pasadena, California

Before:  BYBEE and COLLINS, Circuit Judges, and MOSKOWITZ,[***] District Judge.

Relator Frank Adomitis appeals following the dismissal of his third amended

complaint with prejudice for failure to state a claim upon which relief can be

---

    [*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

    [**]    The Honorable Barry Ted Moskowitz, United States District Judge for the Southern District of California, sitting by designation.

granted against Defendant-Appellee San Bernardino Mountains Community

Hospital District (SBMCHD). Because the parties are familiar with the facts, we

will not recite them here except where necessary.[1] We affirm.

The grant of a motion to dismiss pursuant to Federal Rule of Civil Procedure

12(b)(6), in connection with the heightened pleading requirements of Rule 9(b), is

reviewed *de novo*. *United States ex rel. Lee v. SmithKline Beecham, Inc.*, 245 F.3d

1048, 1051 (9th Cir. 2001). Dismissal may be affirmed on any basis supported by

the record, regardless of whether the district court reached the issue or relied on

different grounds or reasoning. *Steckman v. Hart Brewing, Inc.*, 143 F.3d 1293,

---

[1] Relator asks us to take judicial notice of several documents on appeal pursuant to Federal Rule of Evidence 201(b). App. Dkt. No. 13. While we generally "consider only the record that was before the district court," we may make "exceptions to this general rule in three situations: (1) to 'correct inadvertent omissions from the record,' (2) to 'take judicial notice,' and (3) to 'exercise inherent authority . . . in extraordinary cases.'" *United States v. W.R. Grace*, 504 F.3d 745, 766 (9th Cir. 2007) (alteration in original) (quoting *Lowry v. Barnhart*, 329 F.3d 1019, 1024 (9th Cir. 2003)). Defendant does not deny that each document for which judicial notice is sought is "not subject to reasonable dispute" for certain purposes because, at least for those purposes, their accuracy "cannot reasonably be questioned." Fed. R. Evid. 201(b); *see, e.g., United States v. Perea-Rey*, 680 F.3d 1179, 1182 n.1 (9th Cir. 2012) (taking judicial notice of a Google map and satellite image); *Transmission Agency of N. Cal. v. Sierra Pac. Power Co.*, 295 F.3d 918, 924 n.3 (9th Cir. 2002) (taking judicial notice of federal administrative law judge's published decision); *Nugget Hydroelectric, L.P. v. Pac. Gas & Elec. Co.*, 981 F.2d 429, 435 (9th Cir. 1992) (taking judicial notice of existence of state administrative agency's published decisions). Like the district court, however, we take judicial notice of the Google map only for general information concerning the nature of the route in question, and not for purposes of determining distance. Subject to that limitation, we grant Plaintiff's request for judicial notice. *See* Fed. R. Evid. 201(c)(2).

1295 (9th Cir. 1998).

Denial of leave to amend is reviewed for abuse of discretion. *SmithKline Beecham*, 245 F.3d at 1051. "A district court acts within its discretion to deny leave to amend when amendment would be futile, when it would cause undue prejudice to the defendant, or when it is sought in bad faith." *Chappel v. Lab. Corp. of Am.*, 232 F.3d 719, 725–26 (9th Cir. 2000). Nevertheless, dismissal with prejudice and without leave to amend based upon futility is not appropriate unless it is clear on *de novo* review that the complaint could not be saved by amendment. *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003).

1. The district court did not err when it concluded that Relator failed to sufficiently plead a violation of the False Claims Act (FCA) by SBMCHD in his third amended complaint. The essential elements of Relator's FCA claim are "(1) a false statement or fraudulent course of conduct, (2) made with scienter, (3) that was material, causing (4) the government to pay out money or forfeit moneys due." *United States ex rel. Hendow v. Univ. of Phx.*, 461 F.3d 1166, 1174 (9th Cir. 2006). Even assuming *arguendo* that Relator established the other elements of his claim, he failed to allege sufficient facts to make plausible his conclusory allegation that SBMCHD was aware — or acted with deliberate indifference or in reckless disregard as to whether — it did not satisfy the Critical Access Hospital (CAH) program's distance requirement. *See Universal Health Servs., Inc. v.*

3                                                    18-56422

*United States ex rel. Escobar*, 136 S. Ct. 1989, 2004 n.6 (2016) ("False Claims Act plaintiffs must . . . plead their claims with plausibility and particularity under Federal Rules of Civil Procedure 8 and 9(b) . . . ."); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) ("Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." (citations omitted)). Although Rule 9(b) allows plaintiffs to allege scienter generally, *see In re GlenFed, Inc. Sec. Litig.*, 42 F.3d 1541, 1547 (9th Cir. 1994) (en banc), *superseded by statute on other grounds*, 15 U.S.C. § 78u-4(b)(2)(A), scienter must still be pled with plausibility under Rule 8(a). *See Ashcroft v. Iqbal*, 556 U.S. 662, 686–87 (2009) ("Rule 9[(b)] merely excuses a party from pleading . . . intent under an elevated pleading standard. It does not give him license to evade the less rigid—though still operative—strictures of Rule 8.").

While there is merit to Relator's contention that the district court improperly narrowed the scope of its scienter inquiry from whether SBMCHD "knew"[2] that a driving route to another hospital did not satisfy the CAH distance requirement to

---

[2] Under the FCA, "[a] person 'knowingly' submits a false claim not only when he or she 'has actual knowledge of the information,' but also when he or she 'acts in deliberate ignorance' or 'reckless disregard' of the truth or falsity of the information." *SmithKline Beecham*, 245 F.3d at 1053 (quoting 31 U.S.C. § 3729(b)(1)(A)(i)–(iii)). Further, "the [FCA's] scienter requirement 'require[s] no proof of specific intent to defraud.'" *Escobar*, 136 S. Ct. at 1999 n.2 (alteration in original) (quoting 31 U.S.C. § 3729(b)(1)(B)).

18-56422

whether SBMCHD "knew if the CalTrans designation [of mountainous terrain] was not properly based on the factors" set forth in federal regulatory guidance interpreting the CAH distance requirement, Relator's factual allegations fail to raise his scienter allegations above mere speculation even under the more-expansive scienter inquiry. Relator relies on various regulatory guidance issued by the Centers for Medicare & Medicaid Services ("CMS"), which over time employed shifting and highly detailed definitions of "mountainous terrain," and he alleges that SBMCHD's senior officials must have known from their own travel on the relevant segments of State Route 18 that insufficient portions thereof met the criteria set forth in this regulatory guidance. Even assuming that SBMCHD's senior officials were aware of this regulatory guidance and certified compliance therewith in connection with relevant reimbursement claims, however, Relator's allegations about the road characteristics that would be observable to SBMCHD officials merely from routinely driving the segments in question are too vague and conclusory to make plausible his conclusion that SBMCHD thereby was, at the least, reckless or deliberately indifferent to whether sufficient segments of the route to the nearest hospital satisfied the CAH distance requirement's "mountainous terrain" criterion. *See United States ex rel. Lee v. Corinthian Colls.*, 655 F.3d 984, 996 (9th Cir. 2011) ("Under the False Claim Act's scienter requirement, innocent mistakes, mere negligent misrepresentations and differences

18-56422

in interpretations will not suffice to create liability." (internal quotation marks and citations omitted)). That is, Relator has failed to plead sufficient facts that would warrant a plausible inference that SBMCHD knew, recklessly disregarded, or was deliberately ignorant of, the claimed mismatch between the segment in question and CMS's guidance. *See United States ex rel. Hochman v. Nackman*, 145 F.3d 1069, 1073–74 (9th Cir. 1998).

Further, Relator's allegation that SBMCHD "purposefully conducted no survey or audit to certify, re-certify or otherwise verify all CAH Conditions of Participation (including the distance requirement)" does not suffice because such allegation is limited to "the time of [Relator's] employment" with SBMCHD, namely July 1, 2007 through November 24, 2008, and Relator admits that SBMCHD was originally certified as a CAH in July 2002 and the "[t]he relevant time period for [his] claims [is] January 3, 2011 through the present."[3] Moreover, Relator's allegations concerning SBMCHD's involvement in litigation in the mid-nineties, which dealt with the validity of a different federal regulation issued in connection with a different Medicare program, *see San Bernardino Mountains Cmty. Hosp. Dist. v. Sec'y of Health & Human Servs.*, 63 F.3d 882, 887 (9th Cir. 1995), are irrelevant to whether SBMCHD knew — or acted in deliberate

---

[3] Notably, CMS did not require reverification of whether previously-certified CAH hospitals continued to satisfy the CAH distance requirement until March 2013. *See also* CMS, State Operations Manual, App. W, §§ C-0160 & C-0165.

ignorance or reckless disregard of whether — it did not satisfy the CAH distance requirement when it submitted the relevant reimbursement claims. In light of our conclusion that Relator's third amended complaint failed to plausibly allege scienter, we need not reach the issues of falsity and materiality.

2.     The district court did not err when it denied Relator leave to amend his third amended complaint. In denying Relator leave to amend his third amended complaint, the district court held that "further efforts to amend [Relator's] pleadings are unlikely to develop [his] allegations into cognizable legal claims." While the district court's conclusion of futility was made in the context of its materiality analysis, we think it equally applies to the scienter element of Relator's claim given our preceding analysis. Further, Relator admitted at oral argument that the information he would add to his complaint if granted leave to amend are: (i) SBMCHD's original 2002 application for CAH certification; and (ii) a Transportation Concept Report for California State Road 18 issued by CalTrans in March 2002. Because Relator makes no attempt to explain how these documents and the information contained therein would establish scienter in this matter, however, we are left to speculate as to their import. Given the dearth of well-pleaded facts plausibly supporting Relator's conclusory allegation of scienter and his failure to identify in his briefing or at oral argument sufficient additional facts that could plausibly support scienter, we conclude that Relator cannot save his

18-56422

claims via amendment and therefore the district court did not abuse its discretion in denying him leave to amend.

**AFFIRMED.**

*Adomitis ex rel. U.S. v. San Bernardino Mountains Cmty. Hosp. Dist.*,
No. 18-56422

COLLINS, Circuit Judge, concurring:

I concur in the court's memorandum and in its conclusion that Relator failed adequately to allege that Defendant's officials' driving of the route in question is enough to give rise to a plausible inference of scienter. In doing so, however, I place dispositive weight on my view that, because the lesser 15-mile distance standard applies to the extent that the drive between hospitals involves *either* "mountainous terrain" *or* "areas with only secondary roads available," 42 U.S.C. § 1395i-4(c)(2)(B)(i)(I), a hospital may satisfy that 15-mile requirement by a *combination* of mountainous terrain and secondary roads. That is the most natural reading of the language, and Relator's contrary construction—that the 15-mile drive must be *entirely* mountainous or *entirely* secondary roads—makes no logical sense.

That reading of the statute makes this an easy case. Relator's operative complaint states that there are at least "12.4 miles of secondary roads" in the final segments of travel from the nearest hospital to Defendant's hospital.[1] As Relator acknowledges, most of the remainder of the travel on that route consists of a 9.47

---

[1] Relator asks us to take judicial notice that the distance is actually 11.57 miles, not 12.4, but the court properly declines to do so. *See* Memorandum at 2 n.1. In any event, Relator's allegations are insufficient regardless of which number is correct.

mile segment of State Route 18, which involves a number of turns as the road rises in elevation and which, as Relator puts it, allows vehicles to "go[] up and down the mountain." Accordingly, Defendant's hospital meets the distance requirement if 2.6 miles of this 9.47-mile segment involves "mountainous terrain." Even assuming that the various guidance documents should have warned Defendant away from a reading of the statute and regulations that differed from that of the guidance, *cf. Safeco Ins. Co. v. Burr*, 551 U.S. 47, 70 (2007), Relator has failed to allege scienter as to whether a sufficient portion of this winding, elevation-gaining 9.47-mile segment that (as Relator describes it) "begins traversing through the mountainous areas of the San Bernardino National Forest" counts as "mountainous terrain."